WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Hernandez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-16-03776-PHX-DJH<br><br>**ORDER** |

  This matter is before the Court on Petitioner Manuel Hernandez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle on January 17, 2018 (Doc. 22).

  Petitioner raises three grounds for relief in his timely-filed Petition. Grounds One and Two allege ineffective assistance of counsel ("IAC") claims, and Ground Three alleges that the state trial court committed fundamental error when it "failed to conduct a colloquy upon defense counsel's stipulation to the existence of prior felony convictions." (Doc. 1 at 4). The Magistrate Judge determined that Petitioner failed to show that the Arizona state courts' rejection of his IAC claims was based on an unreasonable determination of the facts or that it was contrary to or an unreasonable application of federal law. He further found that Ground Three was unexhausted and procedurally defaulted, and because the claim was based in state, not federal law, it was also not cognizable in federal habeas. (Doc. 22 at 11, 13, 14). The Magistrate Judge found that an evidentiary hearing was unnecessary to

resolve the matter and recommends that the Petition be denied and dismissed with prejudice. (*Id.* at 14).

Petitioner filed an Objection to the R&R on January 31, 2018 (Doc. 23) and Respondents timely filed a Response (Doc. 24).

**I.     Background**

The Magistrate Judge's R&R set forth a concise and accurate summary of the necessary background of this case. (Doc. 22 at 1-3). The Court finds that these facts are supported by the record, are not objected to by Petitioner, and thus incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

**II.    Analysis**

Petitioner asserts in his Objection that the Magistrate Judge erred in recommending that his IAC claims be denied.[1] In connection with his Ground One IAC claim, he also raises an argument—not presented in his Petition—that his trial counsel knew he lacked the mental capacity to understand the potential consequences of rejecting the plea offer and proceeding to trial and failed to notify the court of the same. He argues that an evidentiary hearing should be granted so that he can establish his IAC claims.

---

[1] Petitioner does not object to any portion of the Magistrate Judge's findings on Ground Three regarding his claim that trial counsel erred by not conducting the required colloquy in connection with Petitioner's admission that he had a prior felony conviction. A district court is not required to review any portion of a magistrate judge's R&R that is not the subject of an objection. *Thomas*, 473 U.S. at 149. *See also* 28 U.S.C.A. § 636(b)(1) (the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). A district court evaluating a Magistrate Judge's report may specifically adopt those portions of the report to which no "specific, written objection" is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149. Although Petitioner has not specifically objected to the Magistrate Judge's findings on Ground Three, the Court has nevertheless reviewed the R&R with regards to these recommendations and agrees with its findings. The Court will, therefore, accept the recommendations as to Ground Three and dismiss this claim.

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1).

### III. Merits

Petitioner alleges in Ground One that his trial counsel provided ineffective assistance of counsel by failing to "adequately provide information to allow Appellant to make an informed decision pertaining to the plea agreement." (Doc. 1 at 6). He alleges in Ground Two that trial counsel was ineffective for failing to object to trial judge's failure to exclude the testimony of a witness who was in the courtroom during police officers' testimony. (*Id.* at 8). In his Objection, Petitioner does not challenge the Magistrate Judge's discussion of the relevant legal standards, including the strict standards to establish ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984) and the highly deferential standard for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rather, Petitioner claims the Magistrate Judge erred in the conclusions he reached upon applying these legal standards.

Under the AEDPA, a habeas corpus petition cannot be granted unless the State court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "Rather, that application must be objectively unreasonable." *Id.* at 76. The petitioner bears the burden of proving the

standards for habeas relief have been met. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

When applying this highly deferential standard of review, "the federal court should review the 'last reasoned decision' by a state court…" *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Here, the last reasoned opinion addressing the claims in question— whether trial counsel performed ineffectively in communicating the plea offer to Petitioner and/or by failing to object to the court's failure to exclude a witness's testimony at trial— is the Arizona Superior Court's Minute Entry, which denied Petitioner's post-conviction review petition. (Doc. 12-4, at Ex. L).[2]

To prove ineffective assistance of trial counsel under the Sixth Amendment, a petitioner must show both deficient performance and prejudice. *See Strickland*, 466 U.S. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice where ineffective advice led to the rejection of a plea offer, a petitioner must "show that but for the ineffective advice of counsel there is a reasonable probability that

---

[2] In conducting its *de novo* review, the Court has also reviewed the full State Court record, paying special attention to the post-conviction proceedings, including the Memorandum Decision issued by the Arizona Court of Appeals on November 2, 2015, which affirmed the denial of Petitioner's post-conviction claims. (Doc. 14-2 at Ex. O).

- 4 -

the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. at 164. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id*. at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

In the context of a habeas petition, a petitioner must do more than demonstrate that the state court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

In its Minute Entry, the Maricopa Superior Court rejected Petitioner's two claims of ineffective assistance of counsel under the *Strickland* standard, and held that Petitioner had failed to raise a colorable claim of ineffective assistance that would entitle him to an evidentiary hearing on the issues. (Doc. 12-4, Ex. L at 3). The court stated that the record "clearly set forth sufficient information to inform the Court that the defendant was fully

appraised of the circumstances of the prior plea" and that "[t]he defendant clearly rejected the tendered plea offer on the record." (*Id.*) The court further found that Petitioner could not establish that his counsel's failure to object to the admission of witness testimony prejudiced him. (*Id.*) The Arizona Court of Appeals affirmed the denial of Petitioner's post-conviction relief claims of ineffective assistance, noting that the record before that court, "include[d] a transcript showing the court, the prosecutor, and defense counsel reviewed the plea agreement with Hernandez and his sentencing exposure both with and without the agreement." (Doc. 14-2, Ex. O).

Petitioner has failed to demonstrate that either the Maricopa Superior Court's Minute Entry or the Court of Appeals decision affirming the trial court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2).

With regards to Ground One, this Court agrees with the trial court's discussion of the facts and application of the law in its decision denying post-conviction relief. (Doc. 12-4, Ex. L). As that court stated, the record shows that at Petitioner's counsel's request, the trial court judge, counsel, and Petitioner had a detailed discussion regarding Petitioner's sentencing exposure under the plea offer as well as his exposure if found guilty at trial. (Doc. 14-5, Ex. R). Petitioner stated on the record that he had no questions regarding the potential consequences and understood the consequences of rejecting the plea offer. (*See id.* at 24 ("Yeah, I understand everything, the consequences that will happen. I'm willing to take it to trial.")). When questioned about his understanding of potential evidence to be used at trial, the sentencing ranges for counts one through five, potential aggravation due to gang allegations, potential aggravating factors, the effect his prior felony conviction may have on his sentence, and the maximum sentencing exposure under the offered plea, Petitioner repeatedly answered that he understood. (*Id.* at 24-25). Petitioner nevertheless argues that his attorney advised him to reject a plea offer in the absence of direct evidence linking him to the crime. But the record clearly shows that Petitioner was told that the

government did not need to directly link him to the crime to establish his guilt under a theory of accomplice liability. (*Id.* at 10). Moreover, Petitioner's attorney made statements on the record that he thought the plea offer was a reasonable resolution of the matter, not that Petitioner should have rejected it in the absence of direct evidence linking him to the crimes. (*See id.* 25-26 ("Judge, one final thing from defense counsel's position, is that we discussed, myself and the county attorney, the possibility of resolution today and the benefit of the current plea offer, and my opinion was that it was a reasonable offer to resolve the case."). In denying relief on this IAC claim, this Court cannot conclude that the trial court or the Court of Appeals applied *Strickland* in an objectively unreasonable manner when it denied post-conviction relief.

Moreover, the Court declines to consider Petitioner's new assertion that his diminished mental capacity prevented him from understanding the consequences of rejecting the plea. Petitioner contends, without affidavit or supporting documents, that his counsel was aware of his "diminished mental capacity from records obtained from prior schools, family members, and the petitioner." (Doc. 23 at 6). Petitioner did not raise this argument with the trial court, and the Arizona Appeals Court declined to address the argument because it was only first raised on appeal. (Doc. 14-2, Ex. O at 4.).[3] The argument is thus unexhausted and procedurally defaulted, and Petitioner has presented no cause and prejudice to excuse the default. *See* 28 U.S.C. § 2254(b)(1) and (c); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (noting that to exhaust state court remedies in Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals either through the state's direct appeal process or through post-conviction relief). *See also Woodford v. Visciotti,* 537 U.S. 19, 26 (2002) (noting that the AEDPA "leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable"). As noted, the general assertions made in the Objection that counsel knew Petitioner lacked the capacity

---

[3] Petitioner similarly did not raise this argument in his habeas Petition and only does so in his Objection to the Magistrate Judge's R&R. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (holding that a district court is not required to consider claims raised for the first time in a party's objection to a magistrate judge's recommendation).

to understand his sentencing exposure and failed to advise the court of the same are unsupported by affidavits or exhibits, and thus even if the argument were to be considered, it is insufficient to make out either a showing of ineffective assistance under *Strickland* or the need for an evidentiary hearing on the issue.

The Court also agrees with the Magistrate Judge's recommendation on Ground Two in which Petitioner contends counsel was ineffective by failing to renew a motion for mistrial after the trial court failed to exclude testimony from a witness who was in the courtroom while law enforcement officers were testifying. The Maricopa Superior Court found that the record clearly indicated there was no prejudice to the Petitioner as a result of his counsel's failure to object to the court's failure to exclude the witness. (Doc. 12-4, Ex. L at 2-3). The Arizona Court of Appeals agreed and denied relief. (Doc. 14-2, Ex. O at 4).

Petitioner claims that by failing to object to this testimony, the witness "was permitted to give testimony and change her testimony based upon her presence during testimony of law-enforcement." (Doc. 1 at 9). However, as the Magistrate Judge noted, Petitioner does not describe what parts of the testimony changed, why she would change it, or how her changed testimony adversely affected the verdict. The trial court found that the Petitioner was not prejudiced by the exclusionary rule violation, and on appeal, Petitioner's counsel stated the witness "did not offer any testimony concerning crucial issues to Appellant's defense." (Doc. 1 at 30). In his Objection, Petitioner states, "Ms. Martinez began her testimony and it was determined her testimony contained elements of the testimony she heard in the courtroom given by the police officers' prior." (Doc. 23 at 8). Petitioner offers no citation to the record to support his contention that her testimony contained elements of the officers' testimonies, and nothing to show that her testimony changed from what she would have otherwise testified to or that it was important to the ultimate verdict. The Court agrees with the Maricopa Superior Court that Plaintiff cannot establish prejudice under *Strickland* and finds that the trial court did not apply the applicable legal standards in an objectively unreasonable manner when it denied post-

conviction relief on this claim.

## IV. Evidentiary Hearing

Petitioner also claims he is entitled to an evidentiary hearing to establish his IAC claims. The standard for holding an evidentiary hearing in a habeas case is set forth in 28 U.S.C. § 2254(e)(2), which states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on - (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Evidentiary hearings, however, are not authorized for claims adjudicated on the merits in the State court. *Cullen v. Pinholster*, 563 U.S. 170, 184-85 (2011). Such claims are subject to review under § 2254(d)(1), which asks whether a State Court's decision on the claim was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 181-82. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Evidence introduced in federal court would, therefore, have no bearing on the Court's review under § 2254(d)(1). *Id.* at 185. As a result, evidentiary hearings pursuant to 28 U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in State Court. *Id.*

As the above analysis demonstrates, the State Court adjudicated Petitioner's ineffective assistance claims on the merits. Applying § 2254(d)(1), this Court has determined that the State Court decisions were not contrary to, and did not involve an unreasonable application of clearly established Supreme Court law. Under *Pinholster*, the

Court's analysis was limited to the record before the State Court that decided the claims on the merits. The Court could not consider any newly-presented evidence. Petitioner is therefore not entitled to an evidentiary hearing on these claims.

Finally, Petitioner is also not entitled to an evidentiary hearing on his new argument that counsel was ineffective for failing to inform the court of his diminished mental capacity. As indicated, this argument is unexhausted and procedurally defaulted, and Petitioner has offered no cause and prejudice that would excuse his failure to raise it below.

**V. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 22) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **denied** in part because Petitioner has not made a substantial showing of the denial of a constitutional right (Grounds One and Two) and in part because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable (Ground Three).

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 23rd day of October, 2019.

Honorable Diane J. Humetewa
United States District Judge